TJOFLAT, Circuit Judge,
dissenting:
I respectfully dissent.
The question before us is whether the United States “hired” the vehicle that collided with Adam Abrams. If it did, it is not a “covered person” under the driver’s insurance policy, and we must affirm the district court’s denial of the United States’ motion for summary judgment seeking indemnification from the driver’s insurer, USAA. The majority has concluded that the United States hired the car from Payless car rental agency. I would hold otherwise. For an entity to hire a vehicle, it must contract for that vehicle. For us to find that the United States hired the automobile from Payless, therefore, USAA must show that a contract existed between the United States and Pay-less. It has not done so.
The United States enters into contracts pursuant to federal statutory and regulatory authority; any contract formed contrary to such authority is null and void. See, e.g., S.J. Amoroso Constr. Co., Inc. v. United States, 12 F.3d 1072, 1075 (Fed.Cir.1993) (explaining that the United States is neither bound nor estopped by agents acting beyond their authority or contrary to statute or regulations); Hercules Inc. v. United States, 25 Cl.Ct. 616, 633 (1992) (“[T]he United States cannot be bound by a contract ... into which its agents were without the legal authority to enter.”), aff'd 24 F.3d 188 (Fed.Cir.1994), aff'd, — U.S. -, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996). USAA argues, and the majority holds, that the United States hired the Pay-less car through its agent, Lieutenant Colonel Trunzo. To contract for goods and services (including rental ears), however, the United States must act through a statutorily authorized “contract officer.” See 48 C.F.R. § 1.601 (1997). No agent of the United States other than a contracting officer may contract for the United States. See, e.g., Modern Sys. Tech. Corp. v. United States, 979 F.2d 200, 204-05 (Fed.Cir.1992) (noting that Postal Service employee’s statements could not represent contractual intent of Postal Service because employee was not contracting officer).
Contract officers, including members of the armed services delegated “micro-purchase” authority, must be appointed in writing in accordance with regulatory procedures. See 48 C.F.R. § 1.603-3 (1997). There is nothing in the record even to suggest that Lieutenant Colonel Trunzo was a duly appointed contract officer carrying out contract officer duties. He thus could not have created a contract binding on the United States under current regulations.
The majority reasons that, under California law,[1] Trunzo had the “implied, actual authority” to contract on behalf of the United States for a car from Payless. Supra at 1177. The ability of a federal agent to bind the United States by implied authority, however, is closely circumscribed. The burden of proving implied authority rests with the party claiming the existence of a contract. See City of El Centro v. United States, 922 *1179 F.2d 816, 820-21 (Fed.Cir.1990). Thus “the standard presumption to be followed, both by contractors and by the Court, is that a Government official has no contracting authority unless otherwise expressly bestowed.” Garza v. United States, 34 Fed.Cl. 1, 20 (1995).
Before implied authority can be invoked, the agent must first possess express actual authority in the subject area at question. See, e.g., San Pedro v. United States, 79 F.3d 1065, 1069-70 (11th Cir.), cert. denied, — U.S. -, 117 S.Ct. 431, 136 L.Ed.2d 330 (1996) (holding that U.S. attorneys may have implied authority to plea bargain as an integral part of their express authority to prosecute, but that they do not have the implied authority to bind the INS by a plea bargain concerning deportation because the INS has express authority over deportation proceedings); City of El Centro, 922 F.2d at 821 (finding that border patrol agents had no implied authority to obligate U.S. funds for medical services provided to injured aliens when agents who purportedly agreed to make payment had no “care-providing duties”). This is because implied authority generally arises only “when such authority is considered to be an integral part of the duties assigned to a [government employee.” H. Landau & Co. v. United States, 886 F.2d 322, 324 (Fed.Cir.1989) (citation and internal quotation marks omitted).
USAA presents no evidence, and I find none in the record, to suggest that Lieutenant Colonel Trunzo’s duties as a non-contract officer for the Air Force involved the making of contracts; indeed, they could not under federal regulations. There is also no evidence establishing that Trunzo was responsible for procuring transportation for the Air Force, a responsibility that could have involved contracting duties. He therefore could not have possessed the implied authority to bind the United States to a contract to rent a car from Payless.
There being no other possible source of a contract between the United States and Pay-less,[2] I would reverse the district court’s grant of summary judgment for USAA as well as the denial of summary judgment for the United States. Government employees form personal contracts for goods and services every day. To hold that those contracts somehow bind the federal government would subject the United States to a perpetual threat of litigation from any business that deals with federal agents. Because the United States did not contract to hire a car from Payless, I would hold that the United States is a “covered person” under Trunzo’s personal insurance policy and is entitled to indemnification from USAA for the amount paid to Abrams because of Trunzo’s negligence.

. The majority characterizes the issue before the court as one of conflict of laws. There is no conflict here, however: the existence and terms of federal contracts are governed entirely and solely by federal law. A state may not apply its own law to create a contract that binds the United States.

. At one point in the litigation, USAA claimed that an agreement between the United States and Payless providing government employees with discount rates was actually a contract obligating the United States to rent Payless cars. The district court appears to have been persuaded by this argument when it held that "the United States actually hired the vehicle, either directly or through the actions of its agent, Trunzo." (emphasis added). The United States-Payless agree-menl, however, states in its first paragraph that “[t]he Government ... [is] not obligated to purchase any services offered by [Payless] under the terms of this agreement.” I fail to see how the employee discount agreement could be construed as a contract to rent cars even without this quoted language. In light of the disclaimer, USAA certainly cannot argue that the United States intended to contract with Payless for automobiles.